FILED'10 NOV 30 8:07USDC-ORM

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

ALLEN LAMONT JAMES,

        Petitioner,        Civil No. 10-202-CL

        v.        REPORT AND RECOMMENDATION

DON MILLS,

        Respondent.

CLARKE, Magistrate Judge.

    Petitioner is in the custody of the Oregon Department of Corrections pursuant to a Judgment dated June 25, 2007, from Washington County Circuit Court, after pleading guilty to three counts of Unlawful Sexual Penetration in the First Degree. Exhibit 101. Petitioner was sentenced to consecutive Ballot Measure 11 sentences totaling 300 months. Exhibit 103, Transcript of Proceeding, p. 37.

    Petitioner directly appealed his convictions presenting

1 - REPORT AND RECOMMENDATION

a single assignment of error through a Section B *Balfour* brief. Exhibit 104. The Court of Appeals affirmed petitioner's convictions without opinion and the Oregon Supreme Court denied review. Exhibits 106 - 108. Petitioner did not seek post-conviction relief.

On February 22, 2010, petitioner filed a Petition for Habeas Corpus Relief under 28 U.S.C. sec. 2254 alleging seven claims for relief as follows: 1.) guilty plea was coerced by inhumane treatment; 2.) ineffective assistance of counsel; 3.) denial of due process; 4.) denial of protection from double jeopardy; 5.) cruel and unusual punishment; 6.) Lawyer had conflict of interest; and 7.) the requirement for an impartial jury was violated. Petition (#2), p. 6-13.

Respondent has filed a Motion to Dismiss Without Prejudice (#17) on the ground that petitioner has not exhausted state remedies with respect to his claims.

To proceed with a federal habeas corpus petition, 28 U.S.C. § 2254(b)(1) requires petitioners to "exhaust" state remedies on all claims alleged in the petition, unless it appears there is an absence of state corrective process, or circumstances exist that render such process ineffective to protect the petitioner's rights. Generally, this exhaustion requirement is satisfied if a petitioner "fairly present" their federal claims to the appropriate state court, thereby "afford[ing] the state courts meaningful opportunity to consider [the] allegations of legal error." <u>Vasquez v.</u>

2 - REPORT AND RECOMMENDATION

Hillary, 474 U.S. 254, 257 (1986) (quoting Picard v. Conner, 404 U.S. 270, 275-76 (1971). The exhaustion requirement's purpose is "to give the State the 'opportunity to pass upon and correct' alleged violations of it's prisoner's federal rights ..." Duncan v. Henry, 513 U.S. 364, 365 (1995).

In Rose v. Lundy 455 U.S. 509 (1982), the United States Supreme Court indicated that the exhaustion requirement's touchstone is that no state remedies are available when the § 2254 petition is filed. All state remedies are unavailable when the federal claims have been "fairly presented to the highest state court. Picard v. Conner, supra,; Schwartzmiller v. Gardner, 752 F.2d 1341, 1344 (9th Cir. 1984). A claim is "fairly presented" if the legal basis of the federal constitutional claim is actually addressed; merely detailing the facts surrounding a claim is insufficient. Picard v. Conner, supra; Anderson v. Harless, 459 U.S. 4 (1982). See also, Duncan v. Henry, supra. Additionally, a claim is not fairly presented and therefore unavailable if it is raised in a "procedural context in which its merits will not be considered." Castille v. Peoples, 489 U.S. 346, 351-52 (1989) (claim first raised on petition for discretionary review to state Supreme Court).

Furthermore, petitioner's must exhaust their claims by presenting them to the state courts even if doing so appears futile. In Engle v. Isaac, 456 U.S. 107 (1982), the Court said: "If a defendant perceives a constitutional claim and

3 - REPORT AND RECOMMENDATION

believes it may find favor in the federal courts, he may not bypass the state courts simply because he thinks they will be unsympathetic to the claim. Even if a state court that has previously rejected a constitutional argument may decide, upon reflection, that the contention is valid. 456 U.S. at 130; see also, Noltie v. Peterson, 9 F.3d 802, 805-806 (9th Cir. 1993) (rejecting futility doctrine argument and requiring petitioner to present his claim to the Washington Supreme Court even though petitioner argued that the court already rejected his claim).

If any of a petitioner's claims are not exhausted at the time his federal habeas corpus petition is filed, district courts should dismiss the petition. In Coleman v. Thompson, 501 U.S. 722 (1993), the Court stated that "[t]his Court has long held that a state prisoner's federal habeas petition should be dismissed if the prisoner has not exhausted available state remedies as to any of his federal claims ... This exhaustion requirement is ... grounded in principles of comity.]" Id. at 722 See also, James v. Borg, 24 F.3d 20, 24 (9th Cir) ("In general, a habeas petition should be dismissed if a petitioner has failed to exhaust state remedies as to even one claim") cert. denied, 115 S.Ct. 333 (1994).

Finally, the appropriate time to determine whether claims are exhausted is the date the petitioner files his federal habeas corpus petition. "The appropriate time to assess whether a prisoner has exhausted his state remedies is when

4 - REPORT AND RECOMMENDATION

the federal habeas petition is filed, not when it comes on for a hearing in the district court or court of appeals." <u>Brown v. Maass</u>, 11 F.3d 914, 915 (9th Cir. 1993). (citing <u>White v. Lewis</u>, 874 F.2d 599, 602 (9th Cir. 1989); <u>Mathis v. Oshiro</u>, 683 F.2d 318, 321 (1981)). If an available state remedy still exists when the petition is filed, the proper ground for dismissing the petition is failure to exhaust, not procedural default. <u>Id</u> at 914.

A motion to dismiss is the proper method of raising the failure when it appears on the fact of the petition that the petitioner has not exhausted state remedies. See, eg. <u>White v. Lewis</u>, 874 F.2d 599 (9th Cir. 1989); <u>Obremski v. Mass</u>, 915 F.2d 418 (9th Cir. 1990); <u>Rice v. Wood</u>, 44 F.3d 1396 (9th Cir. 1995).

On direct appeal, petitioner alleged a single assignment of error: "The court erred in its violation of petitioner's constitutional rights to Due Process, adequate advocate and against double jeopardy when it sentenced petitioner to consecutive sentences also in violation of Federal and State legal principle." (sic) Exhibit 104, Appellant's Brief, Section B, p. 1. None of the other claims alleged in this proceeding have been presented to any state court.

Oregon provides two distinct avenues for review of alleged errors, including constitutional violations. First, "most trial errors must be raised by direct appeal to the Oregon Court of Appeals." <u>Kellotat v. Cupp</u>, 719 F.2d 1027,

5 - REPORT AND RECOMMENDATION

1030 (9th Cir. 1983). Second, "[f]or violations of a defendant's rights that occur after trial, or that require a further evidentiary hearing for their determination, Oregon provides a statutory remedy in its trial courts by way of the Oregon Post-Conviction Hearing Act, Or. Rev. Stat. sec. 138.510 to 138.610 (1981)." Id.

Petitioner alleges in Grounds Two and Six claims of ineffective assistance of counsel. Claims of ineffective assistance of counsel are properly raised in state post-conviction proceedings. Kellotat v. Cupp, supra at 1030. 1983). In Ground One, petitioner alleges that his guilty pleas were coerced. Claims about guilty pleas, which require a factual development, are also most appropriately raised in a post conviction case. Id.

The petition before the court indicates that petitioner did not file a state post-conviction case. Petition (#2), p. 3. That remedy remains available to petitioner because his direct appeal was final on October 6, 2009 (Exhibit 108, Appellate Judgment), and ORS 138510 provides a two-year statute of limitations for post-conviction cases.

District courts have discretion to stay federal habeas cases while petitioner's attempt to exhaust their state remedies. Rhines v. Weber, 544 U.S. 269, 125 S.Ct. 1528 (2005).

Respondent argues:

The concern of *Rhines* is not present in this

6 - REPORT AND RECOMMENDATION

>    case though as petitioner has time that remains in which he could file his habeas petition upon the completion of his post-conviction proceeding. Specifically, petitioner is afforded 90-days from the entry of his appellate judgment in order to seek *certiorari* review by the US Supreme Court. *See, Bowen v. Roe*, 188 F.3d 1157 (9 [th] Cir. 1999) (the court held that criminal convictions are not final until the time has elapsed for seeking a writ of *certiorari* in the US Supreme Court.) As such, petitioner's statute of limitations under AEDPA began to run on January 4, 2010. Petitioner therefore still has time in which to file his post-conviction petition and his subsequent habeas corpus petition. Accordingly, petitioner is not exposed to the concerns that justified a stay in *Rhines*: *i.e.*, he does not risk losing the opportunity to bring his claims into federal court if this case is dismissed.

Respondent's Memorandum (#18) p. 6.

Pursuant to respondent's calculation of the statute of limitations, approximately 43 un-expired days remain on petitioner's AEDPA statute of limitations "clock." However, there is a 28 day period in which to file objections to the court's findings and recommendation herein and a unspecified period of time for an Article Three Judge to either adopt or reject this Report and Recommendation.

Thus, although respondent may be technically correct that "time remains in which [petitioner] could file his habeas petition upon the completion of his post-conviction proceeding," at best that time would be *very short*. As a practical matter I find that there is no reasonable probability that petitioner could 1.) file a state PCR proceeding in time to toll the ADEPA limitations period, and

7 - REPORT AND RECOMMENDATION

2.) subsequently file a federal habeas petition in the days (if any) remaining of the total 365 days allowed under the AEDPA. Thus the concern of *Rhines* is present in this case and a stay rather than dismissal without prejudice is appropriate.

Respondent's Motion to Dismiss Without Prejudice (#17) should be denied. The Clerk of Court should be directed to enter a order staying this proceeding and setting a case status check one year from the date of this order.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order. The parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the court. Thereafter, the parties have fourteen (14) days within which to file a response to the objections. Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to *de novo* consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.

////

////

8 - REPORT AND RECOMMENDATION

////

////

## Certificate of Appealability

*Should petitioner appeal, a certificate of appealability should be denied as petitioner has not made a substantial showing of the denial of a constitutional right.* See, *28 U.S.C. § 2253(c)(2).*

DATED this 24 day of November, 2010.

_____
Mark D. Clarke
United States Magistrate Judge

9 - REPORT AND RECOMMENDATION