UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

ALLEN LAMONT JAMES,

          Petitioner,        1:10-cv-00202-CL

         v.                REPORT AND
                        RECOMMENDATION

DON MILLS,

          Respondent.

CLARKE, Magistrate Judge.

Petitioner is in the custody of the Oregon Department of Corrections pursuant to a Judgment from Washington County Circuit Court, after pleading guilty to three counts of Unlawful Sexual Penetration in the First Degree. Exhibit 101. Petitioner was sentenced to consecutive Ballot Measure 11 sentences totaling 300 months. Exhibit 103, Transcript of Proceeding, p. 37.

1 - REPORT AND RECOMMENDATION

Petitioner directly appealed his convictions presenting a single assignment of error through a Section B *Balfour* brief. Exhibit 104. The Court of Appeals affirmed petitioner's convictions without opinion and the Oregon Supreme Court denied review. Exhibits 106 - 108. Petitioner did not seek post-conviction relief.

On February 22, 2010, petitioner filed a Petition for Habeas Corpus Relief under 28 U.S.C. sec. 2254 alleging seven claims for relief as follows: 1.) guilty plea was coerced by inhumane treatment; 2.) ineffective assistance of counsel; 3.) denial of due process; 4.) denial of protection from double jeopardy; 5.) cruel and unusual punishment; 6.) Lawyer had conflict of interest; and 7.) the requirement for an impartial jury was violated. Petition (#2), p. 6-13.

Respondent filed a Motion to Dismiss Without Prejudice (#17) on the ground that petitioner has not exhausted state remedies with respect to his claims.

In a Report and Recommendation (#20) adopted by the Opinion and Order (#22) entered December 27, 2010, respondent's Motion to Dismiss without prejudice (#17) was denied and this proceeding was stayed in order to allow petitioner to pursue a state post conviction proceeding.

In August 2011, petitioner filed a First Amended Petition for Post-Conviction Relief. Exhibit 113. After a hearing, the

Umatilla County Circuit Court denied relief entering both oral and written findings. Exhibits 127 and 128. Petitioner appealed, again via a Section B *Balfour* brief, presenting the same assignment of error as he previously presented on his direct appeal: "Trial court erred in its violation of petitioner's rights to Due Process, adequate advocate and against double jeopardy when it sentenced petitioner to consecutive sentences also in violation of Federal and State legal principle." (sic) Exhibit 129, Section B at p. 1. The Oregon Court of Appeals affirmed without opinion and the Oregon Supreme Court denied review. Exhibits 132 and 133.

By Order (#42) filed May 6, 2014, the stay of proceedings imposed by the Opinion and Order (#22) was lifted and a new scheduling order was set forth.

Respondent now moves to deny relief as follows:

> First, relief should be denied on Grounds One, and Grounds Four through Seven as those claims were not "fairly presented" to Oregon's highest court, and thus, are procedurally defaulted. Second, insofar as petitioner's claims in Ground Two and Three are federal claims that were presented to the Oregon State courts, they were denied in decisions that were neither "contrary to," nor an "unreasonable application of" United States Supreme Court precedent. Third, petitioner's claims are without merit.. Thus, petitioner should not be granted relief in this proceeding under 28 U.S.C. § 2254.

Response to Petition (#52) p. 2.

Under 28 U.S.C. § 2254(b)(1), an application for a

3 - REPORT AND RECOMMENDATION

writ of habeas corpus "shall not be granted" unless "the applicant has exhausted the remedies available in the courts of the State[.]"    Exhaustion occurs when a petitioner has given the state courts a "full and fair" opportunity to consider and resolve all federal claims. Keeney v. Tomayo-Reyes, 504 U.S. 1, 10 (1992).    If a petitioner can present a claim to the state's Supreme Court, he must do so to properly exhaust that claim. O'Sullivan v. Boerckel, 526 U.S. 838, 844-45 (1999).

If a petitioner has failed to present a federal constitutional claim to the state's highest court (i.e., has failed to exhaust state remedies) and can no longer do so because of a procedural bar, that claim is procedurally defaulted.    Boerckel, 526 U.S. at 848, citing Coleman v. Thompson, 501 U.S. 722, 731-32 (1991). Once a petitioner has procedurally defaulted a claim, federal habeas corpus review is barred unless the petitioner can demonstrate: (1) cause for the procedural default, and (2) actual prejudice from the failure. Edwards v. Carpenter, 529 U.S. 446, 451 (2000), Coleman, 501 U.S. at 750; see also Wainwright v. Sykes, 433 U.S. 72 (1977); Murray v. Carrier, 477 U.S. 748 (1986); Hughes v. Idaho Bd. of Corr., 800 F.2d 905 (9th Cir. 1986).

Cause for a procedural default exists only if a

petitioner can "show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." <u>Murray</u>, 477 U.S. at 488. Prejudice exists only if a petitioner shows that the procedural default "worked to [petitioner's] actual and substantial disadvantage." <u>United States v. Frady</u>, 456 U.S. 152, 170 (1982). Demonstrating a mere possibility of prejudice is insufficient. <u>Id</u>.

Procedural defaults may also be excused by demonstrating a "fundamental miscarriage of justice." <u>Edwards v. Carpenter</u>, 529 U.S. 446, 451 (2000). To establish the fundamental miscarriage of justice exception to the exhaustion requirement requires a showing of actual innocence. <u>Schlup v. Delo</u>, 513 U.S. 298, 329 (1995); <u>Calderon v. Thompson</u>, 523 U.S. 538, 559 (1998).

In this case, petitioner did not "fairly present" the claims alleged in Grounds One and Grounds Four through Seven to the Oregon Supreme Court - either on direct appeal or in his post-conviction proceeding. As noted above the appeals in both of those proceedings were substantially identical, alleging that his consecutive sentences violated his rights to due process, to an "adequate advocate" and against double jeopardy.

5 - REPORT AND RECOMMENDATION

On post-conviction, petitioner alleged matters relating to his shoulder injury (Ground One) as a claim of ineffective assistance of counsel for failure to recognize that petitioner's plea was not voluntary due to pain for the injury. *See* Exhibit 113 at p. 4-5. There was nothing in his PCR claims suggesting, as is claimed in Ground One, that "the state" was committing a due process violation by engaging in physical and mental abuse in order to coerce a plea agreement. Thus, Ground One was not "fairly presented" to the Oregon courts.

The time for presenting new claims to the Oregon courts is long past and petitioner is now barred under Oregon law from filing any additional appeals or PCR proceedings.[1] Accordingly, petitioner's Grounds One and Grounds Four through Seven are procedurally defaulted. Petitioner has not established any cause and prejudice for his procedural default or that he is entitled to the

---

[1]

ORS 138 requires that direct appeals be filed not later than 30 days after the judgment or order appealed from was entered in the register. ORS 138.650 requires that PCR appeals be filed within 30 days after the entry of final judgment. ORS 2.520 requires petitions for review to the Oregon Supreme Court be filed within 35 days from the date of the Court of Appeals' decision. *See also*, ORAP 9.05(2) (same) Finally, ORS 138.550(3) provides that all PCR claims must be asserted in the original or amended petition unless they could not reasonably have been asserted therein, and any claims not so asserted are deemed waived.

"fundamental miscarriage of justice" fairness exception to the exhaustion requirement.   Therefore, petitioner's claims alleged in Ground One and Grounds Four through Seven should be denied.   Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2254, habeas relief may be granted only when a state court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented at the state court proceedings."   28 U.S.C. § 2254(d); <u>Wiggins v. Smith</u>, 539 U.S. 510, 520 (2003).

A state court's decision is "'contrary to' federal law if it fails to apply the correct controlling Supreme Court authority or comes to a different conclusion ... [from] a case involving materially indistinguishable facts." <u>Pirtle v. Morgan</u>, 313 F.3d 1160, 1167 (9th Cir. 2002) (citing <u>Bell v. Cone</u>, 535 U.S. 685, 694).   The Supreme Court has held that "a federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable." <u>Williams v. Taylor</u>, 529 U.S. 362, 409 (2000).

In addition, under 28 U.S.C. § 2254(d)(2), "a determination of a factual issue made by a state court shall be presumed to be correct.  The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." Miller-El v. Cockrell, 537 U.S. 322, 351 (2003).

"[I]t is past question that the rule set forth in Strickland, qualifies as 'clearly established Federal law, as determined by the Supreme Court of the United States.'"  Williams v Taylor, supra at 391.  Under Williams, a petitioner may therefore be granted habeas corpus relief on a claim of ineffective assistance of counsel only if the decision of the state court was contrary to, or an unreasonable application of Strickland v. Washington, 466 U.S. 668 (1984).

Under Strickland, a claim that counsel's assistance was so ineffective as to require reversal of a conviction has two components.  First, the petitioner must show that counsel's performance was deficient; second, the petitioner must show that the deficient performance prejudiced the defense.  Id. at 687.

The first prong of the Strickland test required the petitioner to demonstrate that "counsel's representation fell below an objective standard of reasonableness."

Strickland, supra at 688. The second component of the
test requires the petitioner to demonstrate that "there
is a reasonable probability that, but for counsel's
unprofessional errors, the result of the proceeding would
have been different." Id., at 694. A "reasonable
probability" is one that is sufficient to undermine
confidence in the outcome. Id.

Petitioner alleges in Ground Two that he was denied
effective assistance of counsel in various ways. The
allegations of ineffective assistance that were raised in
petitioner's PCR proceeding and properly exhausted are as
follows: Trial counsel failed to ensure that petitioner's
guilty plea was knowing, voluntary and intelligently
entered because 1.) counsel failed to advise petitioner
that the victim was not available to testify; 2.) counsel
advised petitioner that the trial judge was notoriously
lenient, and 3.) counsel failed to ensure that petitioner
had appropriate clothes available for trial.

The PCR court's finding that "the victim was
available for trial," Exhibit 128 at p. 2, is supported
by the record. See, Exhibit 119, p. 2 and Exhibit 126, p.
1-2. Petitioner has not presented any clear and
convincing evidence to the contrary. Therefore that
finding is entitled to a presumption of correctness.

9 - REPORT AND RECOMMENDATION

Petitioner alleges that trial counsel advised him that the trial judge was "notoriously lenient and would only sentence him to 100 months actual time instead of the 300 months consecutive time."

The PCT court found to the contrary, stating that "[t]rial counsel did not describe the sentencing judge as notoriously lenient." Exhibit 127, p. 34.   The PCR court finding in this regard is supported by counsel's affidavit.   Exhibit 119, p. 3.   Counsel's attestation is consistent with the plea petition and the parties' statements to the court.   Exhibits 103, 105 at P. 30 - 34.

The PCR court's finding that trial counsel's statements were credible and that counsel did not advise petitioner that the sentencing judge was notoriously lenient was not objectively unreasonable.   The PCR court's finding is entitled to deference and supported by the record.

Petitioner also alleges that trial counsel failed to ensure that he had "court attire" present for him, and instead advised petitioner's son that petitioner was going to enter a plea. Petition (#2) p. 10.   Petitioner further alleges that a court deputy told him that "if this trial was set aside because of him having no court

clothes, he would later, if found guilty at trial, make all charges consecutive." *Id.* at p. 10.

Trial counsel's affidavit contradicts petitioner's allegations in this regard, see Exhibit 119 at p. 2-3, and the PCR court's finding that counsel's statements were credible was not objectively unreasonable and is entitled to deference.

Petitioner's allegations of ineffective assistance are all in support of the general claim that as a result of counsel's ineffectiveness, petitioner's plea was not knowing, voluntary and intelligently entered. The PCR court found however:

> I find that Petitioner has not proven any error on the part of his trial attorney, and frankly, I think all of his claims are without merit. I find that Petitioner was fully cognizant when he entered his guilty pleas, I find that his trial attorney is believable and Petitioner is not on all aspects of this case. The colloquy with the Court at the change of plea makes clear to me that Petitioner knew what he was doing.

Exhibit 127 at p. 34.

The PCR court finding is supported by the record which reflects that before accepting petitioner's guilty plea the court outlined the rights petitioner would waive by entering the plea and confirmed that petitioner wished to resolve the charges through a plea as outlined in the agreement. Exhibit 104, p. 4-7. Subsequently, at the

11 - REPORT AND RECOMMENDATION

sentencing hearing petitioner did not disavow the plea or indicate it was involuntary, but rather took responsibility for crimes he pled guilty to and apologized to the victim. Exhibit 104,, p. 34-35.

I find that the PCR court determination that petitioner's counsel was not constitutionally ineffective was not an unreasonable application of *Strickland* and is entitled to deference by this court and correct on the merits.

Petitioner alleges in Ground Three that he was denied due process when the trial court imposed consecutive sentences.

Petitioner did not object to his sentence in the trial court and sought review of his sentence under "plain error review" on appeal. Exhibit 106 p. 3-7. As noted above, the Oregon Court of Appeals affirmed without opinion. That decision is entitled to deference and correct on the merits.

Petitioner was indicted on fourteen counts of sexual acts that he committed against his step-daughter between January 1, 2003 and October 12, 2003. Exhibit 102. Each count was alleged as a "separate act or transaction" from that alleged in the other counts. *Id*. As part of the plea agreement, petitioner admitted guilt to the charges set

forth to the Unlawful Penetration in the First Degree
charges set forth in Counts 4, 7, and 8. Unlawful
Penetration in the First Degree is a Measure 11 crime
which carries a minimum sentence of 100 months. ORS
137.700.    The plea agreement provided for "open
sentencing" with a 100 month minimum and a 300 month
maximum sentence.  *Id.* at 1-2; Exhibit 104 at 3,4.

Petitioner's argument that he was improperly "moved
up" in criminal history and improperly sentenced to
consecutive sentences because the charges were pled as a
"single uninterrupted course of conduct," is completely
without merit.   There was no "double jeopardy" or "due
process" violation in the court imposing a sentence in
accordance with state law and contemplated by the plea
agreement.

Based on all of the foregoing, petitioner's Petition
(#2) should be denied.  Petitioner's Motion for Indigent
Status (#55) should be denied as moot.  The Clerk of the
Court should be directed to enter a judgment dismissing
this proceeding.

This  recommendation  is  not  an  order  that  is
immediately appealable to the Ninth Circuit Court of
Appeals. Any notice of appeal pursuant to Rule 4(a)(1),
Federal Rules of Appellate Procedure, should not be filed

13 - REPORT AND RECOMMENDATION

until entry of the district court's judgment or appealable order. The parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the court. Thereafter, the parties have fourteen (14) days within which to file a response to the objections.  Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.

## Certificate of Appealability

*Should petitioner appeal, a certificate of appealability should be denied as petitioner has not made a substantial showing of the denial of a constitutional right. See, 28 U.S.C. § 2253(c)(2).*

DATED this 12 day of November, 2014.

Mark D. Clarke
United States Magistrate Judge

14 - REPORT AND RECOMMENDATION